

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

APR 06 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 1:15cv113KS-RHW

TORSTAR CORPORATION (DBA
TORONTO STAR NEWSPAPERS LTD.)
PETER EDWARDS                                                      DEFENDANTS

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Torstar Corporation and Peter Edwards (collectively, "Defendants") timely remove

this action titled *Douglas Handshoe v. Torstar Corporation et al.* from the Circuit Court of

Hancock County, Mississippi, to the United States District Court for the Southern District of

Mississippi, Southern Division.[1]  This Court has original jurisdiction under 28 U.S.C. § 1332.

Complete diversity of citizenship exists between the parties, and it is facially evident from the

Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In

support of removal, Defendants further state as follows:

1.      On February 23, 2015, Plaintiff Douglas Handshoe ("Plaintiff"), a resident

citizen of Hancock County, Mississippi, filed a lawsuit in the Circuit Court of Hancock County,

Mississippi titled Douglas *Handshoe v. Torstar Corporation et al.*, Case No. 15-0072.  *See* Civil

Complaint for Damages ("Compl.") at ¶ 1, which is attached as part of collective Exhibit A.

2.      Plaintiff alleges that Defendants published an article that is materially false and

misleading.  (Compl. ¶ 13.)  Plaintiff further alleges that Defendants' article "was made with

---

[1]  By removing this action to this Court, Defendants do not waive any defenses,
objections, or motions available under state or federal law.  Defendants expressly reserve the
right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds
of lack of personal jurisdiction, improper venue, or under the doctrine of *forum non conveniens.*

reckless disregard for the truth." (Compl. ¶ 14.) In his Complaint, Plaintiff asserts a claim for

Defamation. (Compl. ¶¶ 17-21.)

I.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).**

3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this

is a civil action between citizens of a state and citizens of a foreign state in which the amount in

controversy exceeds $75,000.00, exclusive of interest and costs.

A.    **The Amount in Controversy Requirement Is Satisfied.**

4.    Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a

preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of

interest and costs.[2]

5.    It is facially apparent that the amount in controversy exceeds $75,000.00 as

Plaintiff expressly states "[i]t is anticipated that damages will ultimately exceed $75,000."

(Compl. ¶ 6.) Plaintiff also seeks punitive damages in addition to actual damages. (Compl. ¶ 6.)

B.    **Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.**

6.    Plaintiff alleges that he is a resident citizen of Hancock County, Mississippi.

(Compl. ¶ 1.)

7.    For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1),

Defendant Torstar Corporation is a citizen of Canada because it is incorporated in Canada and

has its principal place of business in Ontario, Canada.

---

[2] The preponderance of the evidence standard was enacted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

8.     For purposes of determining citizenship, Defendant Peter Edwards is a resident citizen of Canada.

9.  Neither Defendant is lawfully admitted for permanent residence in the United States and is a resident of the State of Mississippi, the state of which Plaintiff is a citizen.

10.     Complete diversity, therefore, exists between the Plaintiff and each Defendant. 28 U.S.C. § 1332(a).

## II.     DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

11.     The Circuit Court of Hancock County, Mississippi, is located within the United States District Court for the Southern District of Mississippi, Southern Division, *see* 28 U.S.C. § 104(b), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Southern District of Mississippi, Southern Division is the "district and division embracing the place where such action is pending."

12.     Attached as Exhibit 'A' is a copy of the complete state court file, which includes a copy of all process, pleadings, and orders received by Defendants related to this action.

13.     Defendant Peter Edwards received a copy of the Complaint on March 13, 2015. Defendant Torstar Corporation received a copy of the Complaint on March 16, 2015. Removal, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

14.     Immediately following the filing of this Notice of Removal, written notice of the filing will be provided to Plaintiff and filed with the Clerk of the Circuit Court of Hancock County, Mississippi as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Torstar Corporation and Peter Edwards give notice that the civil action docketed Civil Action No. 15-0072 in the Circuit Court of Hancock County, Mississippi, is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants request that this Court retain jurisdiction for all further proceedings in this matter.

THIS, the 6th day of April, 2015.

                Respectfully submitted,

                TORSTAR CORPORATION AND
                PETER EDWARDS, DEFENDANTS

                By:        _____
                          ROBERT C. GALLOWAY, MB #4388
                          META C. DANZEY, MB #103251

                THEIR ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi  39502
Telephone:  (228) 864-1170
Facsimile:  (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robert C. Galloway, one of the attorneys for the Defendants, do hereby certify that I have this day served by United States mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the following:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, MS  39520

*Pro Se* **Plaintiff**

Karen Ladner Ruhr, Clerk
Hancock County Circuit Court
152 Main Street, Suite B
Bay St. Louis, MS  39520

So certified, this 6th day of April, 2015.

_____
ROBERT C. GALLOWAY

ButlerSnow 25402896v1