IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                             PLAINTIFF

VS.                                         CIVIL ACTION NO. 1:15cv00113-KS-RHW

TORSTAR CORPORATION (DBA
TORONTO STAR NEWSPAPERS LTD.)
PETER EDWARDS                                           DEFENDANTS

**ANSWER AND DEFENSES OF TORSTAR CORPORATION AND
PETER EDWARDS TO PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES**

Defendants Torstar Corporation and Peter Edwards (collectively, "Defendants"), by and through their attorneys, respond to Plaintiff's Civil Complaint for Damages ("Complaint") as follows:

### I. RESPONSE TO "PARTIES"[1]

1. Paragraph 1 of Plaintiff's Complaint makes no allegation against Defendants and requires no response by Defendants.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### II. RESPONSE TO "JURISDICTION AND VENUE"

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiff's

---

[1] The use of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

Complaint.

6. Paragraph 6 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants admit only that Plaintiff purports to bring this action seeking recovery in excess of $75,000 and Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

### III.   RESPONSE TO "FACTUAL BACKGROUND"

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 7, 8, 9, 10, 11, and 12 of Plaintiff's Complaint.

8. Defendants deny the allegations of paragraphs 13, 14, and 15 of Plaintiff's Complaint.

### IV.   RESPONSE TO "CAUSE OF ACTION – COUNT 1: DEFAMATION"

9. In response to paragraph 16, Defendants incorporate by reference their responses to Paragraphs 1 – 15 of Plaintiff's Complaint and their Affirmative Defenses asserted below.

10. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

15. Any allegations, averments or legal conclusions in Plaintiff's Complaint that are not specifically and unequivocally admitted are denied.

## V. RESPONSE TO "PRAYER FOR RELIEF"

16. In response to Plaintiff's "Prayer for Relief," Defendants deny that Plaintiff is entitled to any recovery or any form of relief, including the relief sought in subparts (a) – (c), whatsoever from Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses in order to preserve the right to assert them. Defendants may subsequently withdraw any of these defenses. Further, Defendants reserve the right to amend their Answer and Defenses to assert additional defenses, counterclaims and other claims and defenses as deemed appropriate. Without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendants state as follows:

### FIRST DEFENSE

The Court lacks personal jurisdiction over Defendants.

### SECOND DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

### THIRD DEFENSE

The Plaintiff failed to serve notice on Defendants pursuant to Section 95-1-5, Miss. Code 1972, as amended.

### FOURTH DEFENSE

Each and every claim asserted or raised in the Complaint is time barred by the applicable statute of limitations pursuant to Section 15-1-35, Miss. Code 1972, as amended.

**FIFTH DEFENSE**

Some or all of the statements in issue are privileged as a report of official proceedings as evidenced by the Supreme Court of Nova Scotia decisions, *Trout Point Lodge Ltd. v. Handshoe* (2012 NSSC 245 Aug. 7, 2012) and *Trout Point Lodge Ltd. v. Handshoe* (2014 NSSC 62 Feb. 14, 2014), attached collectively as Exhibit "A."

**SIXTH DEFENSE**

A copy of the article titled "Nova Scotia Couple Wins Copyright Lawsuit against Homophobic U.S. Blogger" that is the subject of this lawsuit is attached as Exhibit "B." The statements in issue are substantially true in the context which they are given and, thus, are non-actionable.

**SEVENTH DEFENSE**

The words complained of and attributed to the Defendants are protected by Freedom of Speech as guaranteed by the First Amendment to the Constitution of the United States.

**EIGHTH DEFENSE**

The words complained of and attributed to the Defendants are protected by Freedom of the Press as guaranteed by the First Amendment to the Constitution of the United States.

**NINTH DEFENSE**

The Complaint fails to plead a claim or claims with requisite specificity.

**TENTH DEFENSE**

The Plaintiff was and is a public figure, and he voluntarily became such.

**ELEVENTH DEFENSE**

The Plaintiff was and is a *vortex* public figure, and he voluntarily became such.

**TWELFTH DEFENSE**

With respect to each and every purported cause of action, the acts of Defendants were at all times done in good faith and without malice.

**THIRTEENTH DEFENSE**

The injuries and damages, if any, sustained by Plaintiff resulted in whole or in part from his own culpable conduct, intentional acts, contributory or comparative negligence, assumption of risk and want of care.  Accordingly, any damages recovered should be reduced and/or barred in accordance with the applicable law.

**FOURTEENTH DEFENSE**

Plaintiff has not suffered any actual injury or damages for which Defendants are liable.

**FIFTEENTH DEFENSE**

No act or omission of Defendants was oppressive, fraudulent, or malicious and, therefore, any award of punitive damages is barred.  Plaintiff's claim for punitive damages is subject to the limitations and requirements of the laws of Mississippi, including but not limited to those in Sec. 11-1-65, Miss. Code 1972, as amended.

**SIXTEENTH DEFENSE**

The imposition of punitive or exemplary damages would violate Defendants' constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States,  and the equivalent or correlative applicable provisions in the Constitutions, common law, public policy, applicable statutes and court rules of the applicable states to these amendments and the excessive fines clause in the Eighth Amendment to the Constitution of the United States and the double jeopardy clause in the Fifth Amendment to the Constitution of the United States.

Punitive damages may not be recovered to the extent such damages are (1) imposed by a jury that is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award; is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the corporate status, wealth, or state of residence of defendant; or is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; (2) are not subject to independent de novo review by the trial and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution as amended or any applicable State constitution; (3) imposed where state law is impermissibly vague, imprecise, or inconsistent; (4) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; or (5) imposed on the basis of anything other than Defendants' conduct within the State where Plaintiff resides, or in any other way subjecting Defendants to impermissible multiple punishment for the same alleged wrong.

### SEVENTEENTH DEFENSE

Defendants incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as applied to the state and federal courts under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including but not limited to standards set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S.

424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007) and their progeny.

### EIGHTEENTH DEFENSE

Defendants assert the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under applicable regulations and/or laws.

### NINETEENTH DEFENSE

There has been insufficient service of process on both Defendants.

NOW, HAVING ANSWERED, Defendants pray that Plaintiff's Complaint be dismissed on its merits with prejudice and with all costs and fees assessed against Plaintiff, together with such other relief as the Court may deem just and proper.

This the 13th day of April, 2015.

Respectfully submitted,

DEFENDANTS TORSTAR CORPORATION
AND PETER EDWARDS

By: *s/Robert C. Galloway*
ROBERT C. GALLOWAY, MB #4388
LUTHER T. MUNFORD, MB #3653
META C. DANZEY, MB #103251

THEIR ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi 39502
Telephone: (228) 864-1170
Facsimile: (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com

BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
E-mail: luther.munford@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robert C. Galloway, one of the attorneys for the Defendants, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for record:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, MS 39520

*Pro Se* **Plaintiff**

So certified, this 13th day of April, 2015.

        *s/Robert C. Galloway*
        ROBERT C. GALLOWAY

ButlerSnow 25402905v1