IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                       PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:15-cv-00113-KS-RHW

TORSTAR CORPORATION (DBA
TORONTO STAR NEWSPAPERS LTD.)
PETER EDWARDS                                                                          DEFENDANTS

**REPLY OF DEFENDANTS TORSTAR CORPORATION AND PETER EDWARDS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES**

Defendants Torstar Corporation and Peter Edwards (collectively, "Defendants"), by and through their attorneys, respectfully submit this Reply in Further Support of their Motion to Dismiss Plaintiff's Civil Complaint for Damages.

As established in the Defendants' Memorandum [11], this is a defamation lawsuit based on the publication on the Internet of an article about a Canadian Court's decision entitled "Nova Scotia Couple Wins Copyright Lawsuit against Homophobic U.S. Blogger". *See* Exhibit B to [2] Defendants' Answer. Plaintiff is a resident citizen of Hancock County, Mississippi. *See* Compl., at ¶ 1. The Defendants, however, are residents of Canada; Torstar Corporation is a Canadian company whose subsidiary operates an online news site titled *The Toronto Star* in Canada, and Peter Edwards, a reporter for *The Toronto Star*, is also resident of Canada. *Id.* at ¶¶ 2-3, 13.

Defendants are entitled to dismissal because the Court lacks personal jurisdiction over these nonresident Canadian Defendants whose allegedly culpable conduct was publishing an article on the Internet about a Canadian Court's decision. In the alternative, if this Court has jurisdiction, Defendants are entitled to dismissal because the subject article fairly reports on the Canadian Court's decision and so is protected by Mississippi's official report privilege. In the

further alternative, Defendants are entitled to dismissal of the Complaint because Plaintiff did not give written notice to Defendants at least 10 days before filing suit as required by § 95-1-5, Miss. Code 1972, as amended, and the applicable statute of limitations, § 15-1-35, Miss. Code 1972, bars any attempt to refile it.

Each of these grounds independently supports dismissal, and Plaintiff's lengthy opposition fails to show otherwise.

**A. The Court should dismiss this case for lack of personal jurisdiction over the Defendants.**

Defendants do not have continuous and systematic contacts with Mississippi and, as such, there is no ground to exercise general jurisdiction in this case. *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). *See also* Defendants' Memorandum [11] at pp. 5-6 and Exhibits A [10-1] and B [10-2]. As to specific jurisdiction, the Defendants are not subject to personal jurisdiction in this Internet libel action because Mississippi is *not* the focus of the subject article and the Defendants did not target readers in Mississippi. *See Revell v. Lidov*, 317 F.3d 467, 475-76 (5th Cir. 2002).

The focal point or geographic focus of the subject article is Canada, not Mississippi. The article on its face shows that its sole concern is the Supreme Court of Nova Scotia's opinion. *See* Exhibit B to [2] Defendants' Answer. Even the title of the subject article "Nova Scotia Couple Wins Copyright Lawsuit against Homophobic U.S. Blogger" indicates that it is about a lawsuit, and that lawsuit occurred in Canada. Additionally, Defendant Edwards wrote the subject article in Canada, and he primarily relied on sources in Canada—namely, the Supreme Court of Nova Scotia's decision. *See* Edwards Decl. at ¶¶ 3-4, Exh. B to Motion to Dismiss [10-2].

Nor did the Defendants "target" readers in Mississippi. *The Toronto Star* predominately reports on Canadian news events. *See* Torstar Decl. at ¶ 2, Exh. A to Motion to Dismiss [10-1]. Moreover, its readers mainly come from Canada. *Id.* Further, as of March 30, 2015, the subject

2

article had been viewed online 12,691 times, of which only 10 (less than 1/10[th] of one percent) were in Mississippi.  *Id.* at ¶ 4.

Contacting Plaintiff in Mississippi for comment to use as a source for the subject article, which is admitted, is not sufficient evidence to establish personal jurisdiction.  *See Fielding v. Hubert Burda Media*, 415 F.3d 419, 426-27 (5th Cir. 2005) (refusing to exercising personal jurisdiction in Texas over nonresident defendants who used some Texas sources to conduct research for an article published in Germany because "the clear thrust" of the article was about Germany, not Texas).  *See* Defendants' Memorandum [11] at p. 8; *see also* Edwards Decl. at ¶ 4 [10-2].  As discussed above, the Supreme Court of Nova Scotia's decision was the primary source used to write the subject article.

Any tangential references to Mississippi in the subject article appear because that is where the Court Opinion said that Plaintiff resides.  But those references do not indicate that Defendants "targeted" Mississippi; nor do those references make Mississippi the focal point of the story.  Plaintiff was contacted for comment *about the Supreme Court of Nova Scotia's decision*.  *See* Edwards Decl. at ¶ 4 [10-2].  Indeed, Plaintiff's own comment indicates that the subject article is about the Canadian decision because, upon contact, he "called the Nova Scotia court decision 'worthless.'"  *See* Exhibit B to [2] Defendants' Answer.  It follows, then, that the "clear thrust" of the subject article is about the Supreme Court of Nova Scotia's decision, and that Plaintiff was only contacted for comment in that regard.  Any suggestion otherwise is simply not true.

Even if Plaintiff felt harm based on comments by readers of the subject article, that is not evidence that *the Defendants* "targeted" Mississippi or Plaintiff and is not sufficient to establish personal jurisdiction.  *See Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) ("*plaintiff's*

*residence in the forum, and suffering of harm there, will not alone support jurisdiction*") (emphasis added).  Plaintiff cites no authority for his argument that the alleged assessment of anonymous persons posting internet comments should be substituted for a court's reading of the article itself, and, in any event, there is no affidavit or other admissible evidence to support the fact of those postings, or to support the existence of the persons allegedly doing the posting.  *See*, *Creel v. Konecranes, Inc.*, No. 1:09CV161-SA-JAD, 2011 U.S. Dist. LEXIS 53349, at *5-6 (N.D. Miss. May 18, 2011) (email insufficient to establish jurisdiction).

> **B. In the alternative, this case should be dismissed because the subject article is protected by the privilege to report official acts.**

Should the Court decide that it has personal jurisdiction over the Defendants, Plaintiff's defamation claim fails because Peter Edwards fairly reported on the Supreme Court of Nova Scotia's decision and the subject article published by *The Toronto Star* is protected by the privilege to report official acts.  *See Hegwood v. Community First Holdings, Inc.*, 546 F.Supp.2d 363, 366 (S.D. Miss. 2008) ("a newspaper has a qualified privilege to republish statements found in a report of an official action or proceedings or of a meeting open to the public that deals with a matter of public concern…if the report is accurate and complete or a fair abridgement of the occurrence reported.") (citing *Brocato v. Mississippi Publishers' Corp.*, 503 So. 2d 241, 244 (Miss. 1987)).

The privilege applies here and defeats Plaintiff's defamation claim because the subject article is based on an official action or proceeding from the Supreme Court of Nova Scotia and the article is an accurate and complete or fair description of the Supreme Court of Nova Scotia's decision.  Indeed, a side-by-side comparison reveals that much of the subject article is a virtual verbatim summary of the Supreme Court of Nova Scotia's decision.  *See* Defendants' Memorandum [11] at pp. 10-11.

The only "official action" or "proceedings" the article addresses is the Supreme Court of Nova's decision, and the article is a substantially correct account of that decision. The Defendants did not have any duty to investigate the lengthy controversy among the parties or the underlying dispute. *See Pittman v. Gannett River States Pub'g*, 836 F.Supp. 377, 384 (S.D. Miss. 1993) (finding it is not necessary that the article be exact in every immaterial detail so long as it conveys "*a substantially correct account of the proceedings*") (emphasis added); *see also*, *Brocato v. Mississippi Publishers' Corp.*, 503 So. 2d 241, 245 (Miss. 1987) (finding no issue of fact where "the defendants' article was an admittedly accurate and complete description of th[e] official action.") It follows, then, that Plaintiff's attention to the "factual"[1] details of the underlying litigation is of no consequence. As discussed in the Defendants' Memorandum [11], Plaintiff could have appeared in Canada to defend. Additionally, Plaintiff could have substantively responded to Defendant Edwards's request for comment about the Supreme Court of Nova Scotia's decision. Plaintiff failed to do so, and he should not now be permitted to place a burden on the Defendants to investigate or defend the underlying allegations against him when the law does not so require.

    C. **If reached, this case should also be dismissed because Plaintiff failed to provide notice to Defendants for any retraction of the subject article, and the statute of limitations has now run.**

If the Court finds jurisdiction, Plaintiff's defamation claim should also be dismissed because he failed to provide notice to Defendants for any retraction of the subject article within the statutorily prescribed one-year period to do so. *See*, *Brown v. Prentiss Reg'l Hosp. & Extended Care Facility, Inc.*, No. 2:11-cv-180-KS-MTP, 2013 U.S. Dist. LEXIS 23161, at *28

---

[1] Plaintiff's Opposition largely attempts to uncover the underlying details in the "Partial Factual Recitation, "Factual Background," footnotes and other sections. *See*, for example, Pl.'s Opp. at pp. 1-17. Because these "factual" sections along with the allegations about Torstar's assignment of copyrights and other parts of Plaintiff's Opposition are not supported by a sworn affidavit, the Court should disregard those statements; *see e.g.* Pl.'s Opp. at pp. 1-17, 21-24 and 28-30.

(S.D. Miss. Feb. 19, 2013) ("Claims for defamation are subject to a one-year statute of limitations") (citing Miss. Code Ann. § 15-1-35)). Indeed, Miss. Code Ann. § 95-1-5 (2014) provides in part:

> Before any civil action is brought for publication, in a newspaper domiciled and published in this state or authorized to do business in Mississippi so as to be subject to the jurisdiction of the courts of this state, of a libel, or against any radio or television station domiciled in this state, **the plaintiff shall, at least ten (10) days before instituting any such action, serve notice in writing on the defendant at its regular place of business, specifying the article, broadcast or telecast, and the statements therein, which he alleges to be false and defamatory.**

(emphasis added) This statute requires a plaintiff to give ten days' notice to the defendant for retraction before filing a libel action. *See Brocato*, 503 So. 2d at 243 ("The Court finds the ten day notice required in § 95-1-5 is *clearly a necessary preliminary step* to the proper filing of a libel action and that *the preliminary step must be satisfied within the statutory limitation period*"); *Pannell v. Associated Press*, 690 F.Supp. 546, 549 (N.D. Miss. 1988) ("The plain language of the statute requires that plaintiff must serve a demand for retraction before any civil action is filed against a newspaper for libel.")

Here, Plaintiff's alleged email—on its face—does not comply with the retraction demand statute. Plaintiff's alleged email to Defendant Edwards simply states "[c]onsidering it is a virtual certainty you and the Star will be sued in Mississippi over that false and misleading article you wrote, I do not think it is a good idea we connect on LinkedIn." *See* Doc. 13-2. Plaintiff's alleged email does not specify the article or any statements therein which he alleges are false and defamatory. Further, Plaintiff fails to cite to any authority that the alleged email constitutes compliance with the retraction demand statute and a review of the email indicates it does not.

## CONCLUSION

For the reasons discussed herein and in Defendants' Memorandum [11], Plaintiff's Complaint should be dismissed in its entirety.

This the 17th day of July, 2015.

Respectfully submitted,

DEFENDANTS TORSTAR CORPORATION
AND PETER EDWARDS

By: *s/Robert C. Galloway*
     ROBERT C. GALLOWAY, MB #4388
     LUTHER T. MUNFORD, MB #3653
     META C. DANZEY, MB #103251

     THEIR ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi  39502
Telephone:  (228) 864-1170
Facsimile:   (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com


BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone:  (601) 948-5711
Facsimile:   (601) 985-4500
E-mail: luther.munford@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Robert C. Galloway, one of the attorneys for the Defendants, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for record:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, MS  39520

*Pro Se* **Plaintiff**

So certified, this 17th day of July, 2015.

            *s/Robert C. Galloway*
            ROBERT C. GALLOWAY

ButlerSnow 26863389v1