**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DOUGLAS HANDSHOE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:15-CV-113-KS-RHW**

**TORSTAR CORPORATION (DBA
TORONTO STAR NEWSPAPERS LTD.)
PETER EDWARDS** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Torstar Corporation ("Torstar") and Peter Edwards' ("Edwards") (collectively "Defendants") Motion to Dismiss Plaintiff's Civil Complaint for Damages ("Motion to Dismiss") [10]. After considering the submissions of the parties, the record, and the applicable law, the Court finds Defendants' motion to be well taken and should be granted.

**I. BACKGROUND**

On February 23, 2015, Douglas Handshoe ("Plaintiff") filed his Complaint [1-2] in the Circuit Court of Hancock County, Mississippi, bringing a single count of defamation against Defendants. Plaintiff is a resident of Mississippi, Edwards is a resident of Canada, and Torstar is the Canadian corporation that publishes *The Toronto Star* newspaper. On April 6, 2015, Defendants removed the action to this Court on the basis of diversity jurisdiction.

On February 24, 2014, Edwards wrote an article entitled "Nova Scotia couple wins copyright lawsuit against homophobic U.S. blogger," which was published on *The Toronto Star*'s website. The article discusses a lawsuit filed against Plaintiff in Nova Scotia, which was based in allegedly defamatory blog posts written and published by Plaintiff. (*See* Article [5-2].) In the Canadian lawsuit, "Plaintiff defaulted rather than submit to the jurisdiction of the

Canadian courts." (Complaint [1-2] at p. 11.) The article identified Plaintiff and his residence in Mississippi. Plaintiff contends that calling him a "homophobic blogger" amounted to defamation and brought suit.

Defendants filed their Motion to Dismiss [10] on June 26, 2015, arguing, *inter alia*, that the Court lacked personal jurisdiction over them.

## II. DISCUSSION

### A. Standard of Review

"The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 68 (5th Cir. 1994). For the purposes of a motion to dismiss for lack of personal jurisdiction, all conflicts between facts "must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). "In a federal diversity action such as this, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry." *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984). First, the Court must determine whether the laws of the Mississippi authorizes the assertion of personal jurisdiction against Defendants. *Id.* If personal jurisdiction is authorized under Mississippi law, the Court then must ensure that assertion of personal jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Id.*

It is undisputed that both Torstar, a Canadian corporation, and Edwards, a Canadian citizen, are non-resident defendants. As such, the Court must apply this two-step inquiry to

Plaintiff's claim to determine if personal jurisdiction is authorized by Mississippi state law and allowed by federal constitutional law.

**B. Mississippi Long-Arm Statute**

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. Plaintiff contends that the Court can exercise personal jurisdiction over Defendants under the tort prong of this long-arm statute. "Under the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997).

The tort Plaintiff purports to assert against Defendants is a claim of defamation. Under Mississippi law, defamation has four elements:

> (1) a false and defamatory statement concerning plaintiff;
>
> (2) unprivileged publication to third party;
>
> (3) fault amounting at least to negligence on part of publisher;
>
> (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication.

*Franklin v. Thompson*, 722 So.2d 688, 692 (Miss 1998) (citations omitted). The alleged defamatory statements in this case were made by a Canadian reporter in an article published by a Canadian newspaper, targeting a Canadian audience. Any negligence on the part of Defendants

would have occurred in Canada. Therefore, the first three elements of Plaintiff's defamation claim centered around Canada, not Mississippi.

The final element of a defamation claim deals with the harm suffered by Plaintiff. Plaintiff claims "[t]he publication is [sic] question has injured and damaged Plaintiff's reputation in Mississippi." (Complaint [1-2] at p. 11.) For the purposes of the Defendants' motion under Rule 12(b)(1), the Court does not evaluate the adequacy of this element's pleading. As injury has allegedly occurred in Mississippi, the Court finds that Mississippi's long-arm statute purports to give Mississippi courts authority to hear this claim.

**C. Due Process Clause of the Fourteenth Amendment**

In order for a federal court to exercise personal jurisdiction over a nonresident in compliance with the Due Process Clause of the Fourteenth Amendment, it must find that 1) "the defendant purposefully established 'minimum contacts' with the forum state" and 2) "entertainment of the suit against the nonresident would not offend 'traditional notions of fair play and substantial justice.'" *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990) (citing *Asahi Metal Indus. Co. v. Superior Court*, 280 U.S. 102, 105, 107 S. Ct. 1026, 1029, 94 L. Ed. 2d 92(1987)). A plaintiff must first prove that minimum contacts exist before the burden shifts to the defendant to show that an exercise of personal jurisdiction would be unfair. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). "Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (citing *Wilson v. Belin*, 20 F.3d 64, 647 (5th Cir. 1994)). Specific jurisdiction refers to jurisdiction that arises from a defendant's contacts with the forum state which "arise from, or are directly related to, the cause of action." *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 32, 358 (5th Cir. 2001)). General jurisdiction exists when a defendant's contacts are unrelated to the cause of

action but are so “continuous and systematic” as to support the exercise of personal jurisdiction. *Id.* Plaintiff does not argue that the Court has general jurisdiction over Defendants, and the Court finds no facts to support general jurisdiction even if it had been argued. The Court considers only the question of whether specific jurisdiction exists in this case.

In determining specific jurisdiction in a defamation case involving a writer and editor of an article in the *National Enquirer*, a nationally circulated newspaper, the Supreme Court held the defendants’ actions, though occurring in Florida, were “expressly aimed” at California in such a way that justified the exercise of personal jurisdiction under the Due Process Clause. *Calder v. Jones*, 465 U.S. 783, 789, 103 S. Ct. 1482, 79 L.Ed.2d 804 (1984).

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms of both respondent’s emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point both of the story and of the harm suffered. Jurisdiction over petitioners is therefore proper in California based on the “effects” of their Florida conduct.

*Id.* at 788-789, 104 S. Ct. 1482 (citations omitted). The Fifth Circuit has held that the precedent from *Calder* does not mean that a plaintiff’s residence or suffering of harm in a forum is enough to support personal jurisdiction under the Due Process Clause. *Revell*, 317 F.3d at 473. In *Revell*, Revell, a former FBI official and resident of Texas, sued Lidov, a Harvard professor and resident of Massachusetts, in a federal court in Texas, for defamation in an online article Lidov published on the Columbia University School of Journalism’s website. *Id.* at 469. The subject of the article was an alleged political conspiracy among senior members of the Reagan Administration in connection with a terrorist bombing. *Id.* The Fifth Circuit applied *Calder* and found that personal jurisdiction could not be exercised in Texas.

> We find several distinctions between this case and *Calder*—insurmountable hurdles to the exercise of personal jurisdiction by Texas courts. First, the article written by Lidov about Revell contains no reference to Texas, nor does it refer to the Texas activities of Revell, and it was not directed at Texas readers as distinguished from readers in other states. Texas was not the focal point of the article or the harm suffered, unlike *Calder*, in which the article contained descriptions of the California activities of the plaintiff, drew upon California sources, and found its largest audience in California.

*Id.* at 473.

The Court finds that the case before it more closely resembles *Revell* than *Calder*. The allegedly defamatory article here was published on a Canadian newspaper's website with a predominantly Canadian audience. This website is much closer to the Columbia University site in *Revell* than to the nationally-circulated *National Enquirer* in *Calder*, where a large portion of the audience was found in California. *See Calder*, 465 U.S. at 785, 104 S. Ct. 1482 ("About 600,000 of those copies, almost twice the level of the next highest State, are sold in California."). The article was not directed at Mississippi readers "as distinguished from readers in other states." *See Revell*, 317 F.3d at 473. Furthermore, the primary source for the article was the Canadian court's decision, and the only Mississippi source used was Plaintiff himself when he was contacted for comment. The fact that no other Mississippi sources were used further distinguishes this case from *Calder*. Though Mississippi is mentioned in the article, it is mentioned only in-so-much as it identifies where Plaintiff resides and conducts his blogging, which is the conduct on which the Canadian lawsuit is based. Instead of focusing on Plaintiff's Mississippi activities, the article focuses predominantly on the lawsuit those activities inspired in Canada and the decision of the Canadian court.

Because the subject of the article is the Canadian lawsuit, the targeted audience was Canadian readers, and no Mississippi sources other than Plaintiff himself were used, the Court

finds that the focal point of the article was Canada, not Mississippi. As such, the Court cannot exercise personal jurisdiction over Defendants under the Due Process Clause of the Fourteenth Amendment.

Because dismissal is warranted for lack of personal jurisdiction, the Court need not consider the other arguments for dismissal advanced by Defendants. Defendants' Motion to Dismiss [10] will be **granted** and the case will be **dismissed without prejudice** for lack of personal jurisdiction.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [10] is **granted**. This case is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this the 4th day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE